IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LIN LEE-HUEI, et al.,

       Plaintiff,      Case No. 3:10 oe 40033

 -vs-

                  MEMORANDUM OPINION

ORTHO-MCNEIL PHARMACEUTICAL, INC.,
et al.,

       Defendant.

KATZ, J.

### BRIEF BACKGROUND AND PROCEDURAL HISTORY

  Plaintiffs Lin Lee-Huei and her husband, Hsieh Chia-Ching, are Taiwanese citizens. Their complaint alleges that Lin Lee-Huei was prescribed and began using Ortho Evra® in June 2007. At that time, Plaintiffs were residents of Taipei, Taiwan. They further allege that in early February 2008, Plaintiff Lee-Huei suffered a stroke as a result using Ortho Evra®.

  On April 2, 2010, Plaintiffs filed this action[1] in the Los Angeles Superior Court, as part of the Judicial Council Coordinated Proceedings ("JCCP"), against Ortho-McNeil Pharmaceutical, Inc.; Johnson & Johnson; Johnson & Johnson Pharmaceutical Research & Development, L.L.C.; Alza Corporation, as well as Does 1 to 10. Twenty days later, the Defendants removed the case to the Federal District Court for the Central District of California where, pursuant to Conditional Transfer Order-95, the case was transferred under 28 U.S.C. § 1407, to the Northern District of Ohio as part of the *In re: Ortho Evra Products Liability Litigation* MDL 1742 docket.

---

[1] Their causes of action include claims of: strict liability, negligence, breach of warranties, deceit by concealment, negligent misrepresentation, violations of business and professions codes, and loss of consortium.

This matter is before the Court on Defendants' motion to dismiss on the basis of *forum non conveniens*, Plaintiffs' opposition, Defendants' reply and Defendants' Supplemental Brief thereto. For the reasons stated below, Defendants' motion is well taken and the case will be dismissed.

## MOTION TO DISMISS

*A. Applicable Legal Standard*

In the Sixth Circuit "dismissal on *forum non conveniens* grounds is appropriate when the defendant establishes, first, that the claim can be heard in an available and adequate forum." *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006) (citations omitted). "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n22 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-7 (1947)). In addition to such availability, Defendant must show the adequacy of the alternative forum by showing that the dispute may be litigated in that forum and that the forum's remedies are not "clearly unsatisfactory" or "no remedy at all." *Id.*; *Wong v. Partygaming LTD*, 589 F3d. 821, 831-32 (6th Cir. 2009) (citing *Id.*). Public and Private interests are only balanced after the alternative forum has been established. *Stewart v. Dow Chemical Co.*, 865 F.2d 103, 106 (6th Cir. 1989) (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). The trial court must address the appropriate degree of deference due to a plaintiff's forum selection. *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 525 (6th Cir. 2010).

*B. Existence of an Adequate Alternative Forum*

The Defendants contend Taiwan is an available forum as the Plaintiff Lee-Huei filed an action in Taiwan on April 8, 2010 alleging similar allegations. (Chen Aff. at ¶ 2; Lee Aff. at ¶ 5.) Additionally, the Defendants Ortho-McNeil Pharmaceutical, Inc., Johnson & Johnson, Johnson & Johnson Pharmaceutical Research & Development LLC, have agreed to accept service on these

lawsuits if re-filed in Taiwan within ninety days of dismissal from this Court.  As those Defendants are amenable to service in Taiwan, this requirement is met.  *Wong v. Partygaming LTD*, 589 F.3d at 830. (Citation omitted.)

Defendants submit no legal cause of action exists against Defendant Alza Corporation.  Alza is a California entity which is engaged in the business of producing, manufacturing, assembling and processing Ortho Evra® in California but does not have any involvement with the birth control product Evra, which is sold in Tawain. (Hojas Aff. at ¶¶ 2, 3, 6, and 7.  Additionally, the Defendants state the joinder of Alza Corporation was fraudulent and for the purpose of defeating removal to the federal court.  As in *Estate of Thomas v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 365 (6th Cir. 2008), where there are corporate entities which are amenable to service in the alternative forum, an adequate forum exists.

Plaintiff argues Taiwan is not an adequate alternative forum because the location of manufacture is less important than the "drug design, testing and basic information packages supplied by its U.S. creator, Johnson & Johnson," (Opp. at p. 4), and the statute of limitations (in a Taiwanese action) had passed.  (Opp. at p. 3, fn 2.)    However, Plaintiff Lee-Huei's pending lawsuit in Taiwan which was filed two days after the present suit, has proceeded past the initial trial phase as of October 20, 2010, belies Plaintiffs' position.  (Chen Aff. at ¶ 3.)    Lee-Huei's lawsuit in Taiwan was brought against Johnson & Johnson Taiwan Ltd., which is a wholly owned subsidiary of Johnson & Johnson and the distributor of the Evra transdermal patch manufactured by LTS Lohmann Therapie-System AG in Taiwan.  (Chen Aff. at ¶1.)    The Defendants have submitted a copy of the judgment issued by the Taiwan Shih-Lin District Court on June 8, 2011 (Doc. No. 20), thereby adjudicating and concluding that litigation.

3

An inadequate forum is found where the "alternative forum does not permit litigation of the subject matter in dispute." *Piper Aircraft v. Reno* 454 U.S. at 254, n.22. In support of their motion, Defendants submit the declaration of Dr. Chung Teh Lee, who has been admitted to practice law in Taiwan since 1984. It is Dr. Lee's opinion, after reviewing the complaint filed in California and Taiwan, that Taiwan is an adequate forum to consider Plaintiff's claims and, if established, can proceed forward in a fairly efficient manner.

Plaintiff disputes the adequacy of the forum in Taiwan, as "the statute of limitations within which Plaintiffs may bring their actions in Taiwan has passed." (Opp. at p. 3, n. 3.) Regarding this issue, Dr. Lee's declaration notes as follows:

> Under Taiwan law, a claim for the injury arising from torts is time barred within two (2) years from the date of plaintiff's knowledge that (i) damages have been incurred and (ii) the identity of person that committed the tort. In any event, the claim for injury will be time barred if ten (10) years have elapsed from the date when the tort act was committed. *See Civil Code Art. 197*.

Lee Decl. ¶ 33. Similarly, in California, the statute of limitations for a personal injury action is two years, Cal. Civ. Pro. Code § 335.1, subject to a discovery rule. *See Rhynes v. Stryker Corp.*, 2011 WL 2149095 *2 (N.D. Cal. May 31, 2011).

Since Plaintiff Lee-Huei commenced the two suits six days apart, it would appear that a similar statute of limitations applies to each respective lawsuit and no harsh result would flow from litigating the issues in Taiwan.

Finally, a number of other courts have deemed Taiwan to be an adequate alternate forum. *See Chang v. Baxter Healthcare Corp.*, 599 F.3d 728 (7th Cir. 2010); *Moletech Global Hong Kong Ltd v. Pojery Trading Co.*, 2009 WL 3151147 (N.D. Cal. 2009); *Cheng v. Boeing*, 708 F. 2d 1406, 1410-11 (9th Cir. 1983).

*C. Deference to Plaintiff's Choice of Forum*

"[A] plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum." *Piper* 454 U.S. at 266 (citation omitted). "When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id.*

As Plaintiffs are Taiwanese residents and have no connection with the State of California, their choice of forum is accorded less weight for purpose of this analysis. However, the Court must still consider balancing the private and public interest factors and the Defendants must demonstrate that the balance of conveniences favors trial in the foreign forum.

*C. Balance of the Relevant Private and Public Interest Factors*

    1. Private Factors

The Supreme Court in *Gulf Oil v. Gilbert*, characterized the private interest of the litigants as follows:

> [R]elative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

330 U.S. at 508.

In this instance, Defendants state that the majority of evidence is in Taiwan. Plaintiffs, their physician, as well as her medical records are all located in the foreign forum. Taiwan is not a party to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, thus making the access to evidence from Taiwan, at best, a protracted process and limited to what evidence would be admissible in a Taiwanese court. (Lee Decl. ¶¶ 26.)

As to the availability of compulsory process and cost of obtaining attendance of willing witnesses, there is no ability to compel witnesses who reside in Taiwan to appear in United States. *See Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824 (5th Cir. 1993). Moreover, the Defendants have consented to service in Taiwan if this action is dismissed. These factors weigh in favor of dismissal.

The other practical considerations attendant to a trial in Taiwan also do not favor the Plaintiff's position. For example, assuming documentary evidence and witnesses from Taiwan are made available for trial here, the necessity of an interpreter would certainly increase the costs and length of trial. *Id.*

Considering the multiple factors enumerated by both sides, the Court finds the private interest factors support dismissal. *See Dowling*, 727 F.2d 608 (6th Cir. 1983).

2. Public Interest Factors

The Court in *Gilbert* also considered factors related to the public interest as including administrative difficulties for courts; the local interest in having localized controversies decided in the home forum; imposition of jury duty on citizens of a forum that is unrelated to the subject of the litigation; the avoidance of unnecessary problems in conflicts of law or in the application of foreign law. *Gilbert*, 330 U.S. at 508-509.

Applying those factors here, it is clear that the interest of Taiwan is paramount to that of the United States in this particular case. The Plaintiffs contend that the production and manufacture of the product, outside of Taiwan, diminishes the local interest. This same argument was rejected in a different mass tort action, *see In re Air Crash Taiwan Straits*, 331 F.Supp.2d 1176, 1205 (C.D. Cal. 2004), and it is this Court's view that Taiwan's interest is a localized controversy more appropriate for its legal system. Likewise, the imposition jury duty upon citizens who have no relation to the

litigation weighs in favor of the Defendants. *In re Factor VIII or IX Concentrate Blood Products Litigation*, 484 F.3d 951, 959 (7th Cir. 2007).

Regarding court congestion, this multidistrict litigation docket is nearing its end and cases will be set shortly on a track for Daubert hearings, and when ready, back to their original district for trial. If the case were to be remanded to the Central District of California today, the median time interval for trial averages 18.5 months.[2] As this case has already made its way through the Taiwan court system, the factor clearly weighs in favor of dismissal.

Additionally, the application of foreign law, namely the law of Taiwan, is a factor in favor, although not dipositive, of dismissal. *In re Air Crash*, 331 F.Supp. at 1211.

Finally, the expeditious resolution by the Taiwanese courts, as evidenced by the related action now concluded, also weighs in favor of litigation in Taiwan.

## CONCLUSION

Having considered the relevant factors on the issue of Defendants' *forum non conveniens* motion, the Court finds they cumulatively weigh in favor of dismissal. Accordingly, Defendants' motion for dismissal (Doc. No. 17) is granted and this case is dismissed.

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE

---

[2] See www.uscourts.gov, Table C-5 Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, p.3. (2010).